# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YANCEY LAMARR WHITE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 08-cv-221-MJR |
| | ) |
| WELLS FARGO, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate currently in the Federal Correctional Institution in Greenville, Illinois, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The basis for his claim is simple: he alleges that Defendant Wells Fargo entered into an agreement with Defendant Stacey Goodlow, by which Goodlow obtained possession of Plaintiff's deceased mother's house in exchange for Goodlow's assumption of the mortgage payments. Plaintiff

wishes the Court to void this agreement so that Plaintiff may take possession of the house upon his release from prison.

> The FTCA permits an individual to bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

*Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

It is clear that neither Goodlow or Wells Fargo is an employee of the federal government, and thus the FTCA cannot provide a basis for federal jurisdiction over this action. Morever, the Court is unable to imagine any other federal law that would give this Court jurisdiction over this claim. Essentially, this action sounds in state law, either as a property claim or perhaps within the context of the probate of Plaintiff's mother's estate. Therefore, this Court cannot provide Plaintiff with any relief in this matter. In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice.

Plaintiff is **ADVISED** that the dismissal of this action *should* be counted as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), but at this time the Court will *not* assess the strike. Instead, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith; thus, the Court will not grant Plaintiff leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3). Should Plaintiff choose to appeal despite this ruling, Plaintiff shall be required to pay the full $455 appellate fee in advance, and the Court will then have no choice but to assess the strike for this dismissal.

**IT IS SO ORDERED.**

**DATED this 8th day of May, 2008.**

                                                   **s/ Michael J. Reagan**
                                                   **MICHAEL J. REAGAN**
                                                   **United States District Judge**